IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN S. HOOK,

                Plaintiff,                        Case No. 3:07 CV 146

vs.                                    JUDGE THOMAS M. ROSE

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

**DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS OF CHIEF UNITED STATES MAGISTRATE JUDGE
(DOC. #7) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID
JUDICIAL FILING (DOC.#8) OVERRULED; JUDGMENT TO BE
ENTERED IN FAVOR OF DEFENDANT COMMISSIONER AND AGAINST
PLAINTIFF, AFFIRMING THE COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY**
_____

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits. On November 6, 2007,  the Chief United States Magistrate

Judge filed a Report and Recommendations (Doc. #7), recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act be affirmed. Based upon reasoning and citations

of authority set forth in the Chief Magistrate Judge's Report and Recommendations

(Doc.#7), as well as upon a thorough de novo review of this Court's file, including the

Administrative Transcript (Doc.#4), and a thorough review of the applicable law, this

Court adopts the aforesaid Report and Recommendations (Doc.# 7) in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #8) are overruled. Accordingly, said decision is affirmed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Chief Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Commissioner are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate

2

to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245,

248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much

as would be required to prevent a directed verdict (now judgment as a matter of law)

against the Commissioner if this case were being tried to a jury. Foster v. Bowen,

853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping

Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do

more than create a suspicion of the existence of the fact to be established... [I]t

must be enough to justify, if the trial were to a jury, a refusal to direct a verdict

when the conclusion sought to be drawn from it is one of fact for the jury."

LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir.

1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by

substantial evidence, the Court must consider the record as a whole. Hepner v.

Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and

Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of

Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745

F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo,

resolve conflicts in evidence or decide questions of credibility. Garner, supra. If the

Commissioner's decision is supported by substantial evidence, it must be affirmed,

even if the Court as a trier of fact would have arrived at a different conclusion.

Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir.

1981).

　　　In addition to the foregoing, in ruling as aforesaid, this Court makes the following,

3

non-exclusive, observations:

1. Dr. McIntosh opined that Plaintiff was capable of performing one and two step job instructions, that he was able to interact appropriately with others, and his abilities with respect to attention and concentration were at worse, slightly below average.

2. Dr Ange found that Plaintiff's abilities with respect to attention and concentration were, at worse, slightly below average.

3. Dr. Jones reported that Plaintiff's abilities were, at worse moderately to lightly impaired.

4. Although Dr. Danopulus, the examining physician, opined that Plaintiff's ability to do work was affected by his lumbar sprain and his headaches affected his mood and ability to work, his review of Plaintiff's systems was negative and he found Plaintiff to have full range of motion in his upper and lower extremities, normal motion in the right knee and right hip, no tropic changes in the lower extremities, normal cervical spine motion, positive bilateral straight leg raises at 80 degrees, no evidence of nerve root compression or peripheral neuropathy and a normal neurological examination.

5. The issue upon review of the decision of the Administrative Law Judge is not whether there exists substantial evidence of disability; rather, the issue is whether the record contains substantial evidence to support the Commissioner's finding of non-disability. In this matter, the finding of non-disability is so supported.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the Chief United States Magistrate Judge (Doc.#7) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, was

4

supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #8) are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 27, 2008                                         **s/THOMAS M. ROSE**

                                 _____

                                 JUDGE THOMAS M. ROSE
                                 UNITED STATES DISTRICT COURT